ALCOHOLIC BEVERAGES — ADVERTISING IN PROGRAM PUBLISHED OUTSIDE STATE IN CONNECTION WITH NATIONALLY PUBLICIZED EVENT Article XXVII, Section 5 of the Oklahoma Constitution, and 37 O.S. 516 [37-516] (1971) do not prohibit liquor advertising in a magazine and/or program published and printed outside of the State of Oklahoma by a publisher headquartered outside the State of Oklahoma, and to be distributed in all fifty states in connection with a nationally publicized event to be held in Oklahoma. The Attorney General is in receipt of your request for an opinion on the following question: "May a magazine and/or program published and printed outside of the State of Oklahoma by a publisher headquartered outside of the State of Oklahoma, to be distributed in all fifty states in connection with a nationally publicized event to be held in Oklahoma, contain liquor advertising?" Article XXVII, Section 5 of the Oklahoma Constitution provides -in pertinent part: "It shall be unlawful for any person, firm or corporation to advertise the sale of alcoholic beverage within the State of Oklahoma . . ." Title 37 O.S. 516 [37-516] (1971), provides in pertinent part: "It shall be unlawful for any person, firm or corporation to advertise any alcoholic beverages or the sale of same within the State of Oklahoma . . ." Two previous opinions of the Attorney General relate to situations nearly identical to your question. On June 21, 1961, the Attorney General concluded in an unnumbered opinion addressed to Senator Harold R. Shoemake: "A publication, carrying brand name liquor advertising which is printed and published outside the State of Oklahoma but mailed to subscribers within the State and sold in newsstands and other outlets within the State of Oklahoma is not in violation of the Constitution of the State of Oklahoma." Attorney General Opinion No. 68-116, found at 1 Okl.Op, A.G. 28 concluded: "A newspaper published in Oklahoma which may have circulation both inside and outside the State may not accept advertisements of alcoholic beverages although a newspaper published outside of Oklahoma, which has circulation in Oklahoma may accept advertisements of alcoholic beverages and an Oklahoma publisher may accept alcoholic beverage advertisements for newspaper issues not circulated within Oklahoma." (Emphasis added) Your question deals with a magazine and/or a program. However, the concepts of the two cited opinions would apply to your question as well because a magazine or program is merely another form of published material, and because your question specifies that the magazine or program will be distributed in all fifty states. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Article XXVII, Section 5 of the Oklahoma Constitution, and 37 O.S. 516 [37-516] (1971) do not prohibit liquor advertising in a magazine and/or program published and printed outside of the State of Oklahoma by a publisher headquartered outside the State of Oklahoma, and to be distributed in all fifty states in connection with a nationally publicized event to be held in Oklahoma. (DANIEL J. GAMINO) (ksg)